1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILFREDO LOPEZ, | ) 1:14-cv-01003-LJO-BAM (PC) |
| Plaintiff, | ) |
| | ) FINDINGS AND RECOMMENDATIONS |
| v. | ) REGARDING DISMISSAL OF CLAIMS |
| | ) AGAINST STAFF AT USP BIG SANDY |
| D. BERKBILE, et al., | ) AND USP HAZELTON WITHOUT |
| | ) PREJUDICE FOR IMPROPER VENUE AND |
| Defendants. | ) DISMISSAL OF ACTION WITH |
| | ) PREJUDICE FOR FAILURE TO STATE A |
| | ) CLAIM |
| | ) |
| | ) THIRTY-DAY DEADLINE |
| | ) |

### Findings and Recommendations

**I.**     **Dismissal of Claims Against Staff at USP Big Sandy and USP Hazelton**

Plaintiff Gilfredo Lopez ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff initiated this action on June 16, 2014. (ECF No. 1.)

The bulk of Plaintiff's complaint concerns allegations against staff at United States Penitentiary Big Sandy ("USP Big Sandy") in Eastern Kentucky and United States Penitentiary Hazelton ("USP Hazelton") in West Virginia. Venue for Plaintiff's claims against staff at USP Big Sandy is proper in the United States District Court for the Eastern District of Kentucky, and venue for Plaintiff's claims against staff at USP Hazelton is proper in the United States District Court for the Northern District of West Virginia. See Costlow v. Weeks, 790 F.2d 1486, 1488

(9th Cir. 1986) (court may raise defective venue sua sponte); Fed. R. Civ. P. 21 (court may, on its own, sever any claim against a party).  These claims are not related to Plaintiff's claims arising out of events at United States Penitentiary Atwater ("USP Atwater") in Atwater, California.[1] George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing Fed. R. Civ. P. 18(a)). Accordingly, it is recommended that Plaintiff's claims against staff at USP Big Sandy and USP Hazelton are dismissed, without prejudice, for improper venue.

## II.    Claims against Staff at USP Atwater

### A.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard

---

[1] "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing Fed. R. Civ. P. 18(a)).

is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991).  Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397.  To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

### B.  Plaintiff's Claims

Plaintiff names the following staff at USP Atwater as defendants:  (1) Warden Paul Copenhaver; (2) the Executive Staff; (3) Administrative Remedy Coordinator K. Rodriguez; (4) Unit Manager Gardea; (5) Case Manager Coles; (6) Counselor Scott; (7) Counselor Lyons; and (10) other unknown staff.

Plaintiff alleges that he was transferred to USP Atwater in October 2012.  At that time, he spoke to Counselor Scott regarding his numerous filings at USP Hazelton.  Counselor Scott informed Plaintiff that those filings were never processed because Counselor Scott did not see anything in Plaintiff's file.  As a result, Plaintiff filed an inmate request to staff directed to Ms. K. Rodriguez, the Administrative Remedy Coordinator at USP Atwater.  Plaintiff asked Ms. Rodriguez about the status of two BP-8s that he has submitted while at USP Hazelton regarding allegations of being assaulted.  Plaintiff informed Ms. Rodriguez that he had been transferred from USP Hazelton before he received any response regarding his filings.  Plaintiff also

informed Ms. Rodriguez that he wished to continue exhausting his administrative remedies regarding his outside assault.  Plaintiff asked Ms. Rodriguez if she could find out if Counselor Vankirk or Unit Manager Sweeney processed the two BP-8s he filed at USP Hazelton.  Plaintiff also inquired about a BP-9 that he had submitted to Warden Terry O'Brien while at USP Hazelton.

Ms. Rodriguez informed Plaintiff that BP-8s are not tracked by the administrative remedy coordinator because they are informal resolutions.  Ms. Rodriguez also informed Plaintiff that BP-9s and above are tracked and that she did not see any record of any BP-9s submitted while Plaintiff was held at USP Hazelton.

Plaintiff repeatedly sent inmates requests to Ms. Rodriguez concerning his administrative remedy filings while at USP Hazelton.  Ms. Rodriguez has responded that she contacted USP Hazelton, spoke with staff and Plaintiff's filings were nowhere in the record.

On April 5, 2013, Plaintiff submitted a BP-8 to Counselor Lyons at USP Atwater regarding his two BP-8s and the BP-9 he filed while at USP Hazelton.  Counselor Lyons informed Plaintiff that his filings at USP Hazelton were never logged or answered.  Counselor Lyons also informed Plaintiff that staff at USP Hazelton were responsible for the filings if they were not logged in or answered prior to Plaintiff's transfer.

Plaintiff complains that USP Atwater is telling him that they are not responsible for his alleged assault or filings at USP Hazelton.  Warden Copenhaver at USP Atwater told Plaintiff to continue to file his administrative remedies by going through the proper chain of command.

Plaintiff's claims against staff at USP Atwater concern the processing or tracking of his inmate complaints at USP Hazelton.  However, the Ninth Circuit Court of Appeals has held that inmates have "no legitimate claim of entitlement to a grievance procedure." Mann v. Adams, 855 F.2d 639 (9th Cir.1988) (internal citations omitted).  As a result, Plaintiff cannot state a claim regarding the handling or processing of an administrative grievance.  See, e.g., Kiderlen v. Kane, 2013 WL 1680467, at *8 (E.D. Cal. Apr. 17, 2013).  These deficiencies in Plaintiff's claims against staff at USP Atwater are not curable through amendment.  Akhtar v. Mesa, 698 F.3d

1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court will recommend that these claims be dismissed without leave to amend.

**III.    Conclusion and Recommendation**

For the reasons stated, it is HEREBY RECOMMENDED that:

1.  Plaintiff's claims against staff at USP Big Sandy and USP Hazelton be dismissed, without prejudice, based on improper venue;

2.  This action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted against  Warden Paul Copenhaver, the Executive Staff, Administrative Remedy Coordinator K. Rodriguez, Unit Manager Gardea, Case Manager Coles, Counselor Scott, Counselor Lyons, and other unknown staff at USP Atwater.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839, (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 27, 2015**            /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE