UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILFREDO LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. BERKBILE, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01003-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 60(b)(6)<br><br>(ECF No. 13) |

Plaintiff Gilfredo Lopez ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff initiated this action on June 16, 2014.

**I.　　Background**

On January 28, 2015, the Magistrate Judge issued findings and recommendations that (1) Plaintiff's claims against staff at USP Big Sandy and USP Hazelton be dismissed, without prejudice, based on improper venue; and (2) this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted against Warden Paul Copenhaver, the Executive Staff, Administrative Remedy Coordinator K. Rodriguez, Unit Manager Gardea, Case Manager Coles, Counselor Scott, Counselor Lyons, and other unknown staff at USP Atwater. The Findings and

1

Recommendations were served on Plaintiff and contained notice that any objections were to be filed within fourteen (14) days after service. (ECF No. 9.) On March 2, 2015, the Court granted Plaintiff a thirty-day extension of time to file his objections. (ECF No. 11.) More than thirty days passed and no objections were filed.

On April 14, 2015, the Court conducted a de novo review of the case and the file, and adopted the findings and recommendations in full. (ECF No. 12.) The Court dismissed the claims against staff at USP Big Sandy and USP Hazelton, without prejudice, based on improper venue, and otherwise dismissed the action for failure to state a claim upon which relief may be granted. (*Id.* at 2.)

Currently before the Court is Plaintiff's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6), dated December 17, 2015. (ECF No. 13.)

**II.     Motion for Reconsideration Pursuant to Rule 60(b)(6)**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co.*, Inc., 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw*, 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009), and " '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation ...' " of that which was already considered by the court in rendering its decision. U.*S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001) (quoting *Bermingham v. Sony Corp. of Am., Inc.*, 820 F.Supp. 834, 856 (D.N.J.1992)).

///

1  In his motion, Plaintiff contends that on March 26, 2015, a few days before his objections were
2  due, he unexpectedly had major surgery, and for a time was ill and on medications as a result of the
3  surgery. (ECF No. 13, p. 2.) He contends that these matters prevented him from filing timely
4  objections to the findings and recommendations. Plaintiff states that had he had an opportunity, he
5  would have objected that his complaint allegations sufficiently stated a claim that the prison officials
6  at USP Atwater impeded his access to the courts regarding his claims of being assaulted at USP
7  Hazelton, in violation of his First Amendment rights. (*Id.* at 5.) Plaintiff argues that the officials at
8  USP Atwater prevented him from bringing claims regarding being assaulted at USP Hazelton, by
9  stating that they did not have his inmate complaints, and by not assisting him in obtaining his
10 complaints filed while he was housed at USP Hazelton. (*Id*. at 5-6.) Plaintiff argues that the failure to
11 find that he stated a claim, and the denial of leave to amend, was an abuse of discretion, clear error,
12 and manifest injustice.

13  Contrary to Plaintiff's arguments, the Court finds no grounds for relief or reconsideration here.
14 Plaintiff is correct that inmates have a fundamental constitutional right of access to the courts. *Lewis v.*
15 *Casey*, 518 U.S. 343, 346 (1996); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). Specifically,
16 "prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their
17 sentences or the conditions of their confinement to conclusion without *active interference* by prison
18 officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011).

19  That said, inmates are not entitled to a specific type of grievance process. *See Ramirez v.*
20 *Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a
21 specific prison grievance procedure."). In order to allege an access-to-courts claim, the plaintiff must
22 show an actual injury in the form of a failure to access the courts for a non-frivolous claim. *Lewis v.*
23 *Casey*, 518 U.S. 343, 349–53 (1996) (an access-to-courts claim requires plaintiff to show that
24 defendant's conduct caused actual injury to a non-frivolous legal claim). Thus, to bring a claim, the
25 plaintiff must have suffered an actual injury by being shut out of court. *Christopher v. Harbury*, 536
26 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips*, 588 F.3d at 655.

27  Plaintiff's allegations failed to state a claim for denial of right of access to the courts. He
28 alleged that he made numerous filings at USP Hazelton, prior to being transferred to USP Atwater in

3

October 2012. He inquired of various officials at USP Atwater regarding continuing to exhaust his administrative remedies regarding the assault complained about at USP Hazelton. Counselor Scott and Administrative Remedy Coordinator K. Rodriguez informed Plaintiff that there was nothing in Plaintiff's file regarding any filings at USP Hazelton, and that they were either not tracked because they were informal resolutions, or were not recorded. Ms. Rodriguez also asserted that she contacted USP Hazelton staff on Plaintiff's behalf to inquire about the filings, but they were nowhere in the record. Counselor Lyons further informed Plaintiff that the filings were never logged or answered, and that the filings were the responsibility of the USP Hazelton staff. Warden Copenhaver at USP Atwater told Plaintiff to continue to file his administrative remedies by going through the proper chain of command.

Plaintiff's allegations, taken as true and given every reasonable inference, do not state a claim against any of the USP Atwater defendants for interfering with Plaintiff's access to the courts in violation of the First Amendment. Plaintiff takes issue with the manner in which the USP Atwater staff assisted him with tracking and obtaining the grievances filed at USP Hazelton. But the prison internal grievance procedure does not create any constitutional right. If Plaintiff filed a claim in court against the staff at USP Hazelton regarding the alleged assault there, the availability of the grievance procedure would be relevant to whether Plaintiff could proceed without exhausting his claims through the prison procedure. But, even assuming there was some fault in the manner the staff at USP Atwater assisted Plaintiff with tracking and obtaining his grievances previously filed at USP Hazelton, a faulty grievance procedure alone does not state an independent claim. Plaintiff has not alleged that the actions of the staff at USP Atwater resulted in any inability to pursue a non-frivolous claim in court.

Moreover, based on the affirmative allegations made, the deficiencies of this complaint cannot be cured by amendment. Therefore, the Court did not err in declining to grant Plaintiff any further leave to amend.

///
///
///
///

4

**III.     Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration pursuant to Rule 60(b)(6), dated December 17, 2015 (ECF No. 13), is DENIED.

IT IS SO ORDERED.

Dated:   **August 10, 2016**                        **/s/ Lawrence J. O'Neill**
                                                                 UNITED STATES CHIEF DISTRICT JUDGE