UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILFREDO LOPEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>D. BERKBILE, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-01003-LJO-BAM (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO SUPPLEMENT AND CLARIFY PLAINTIFF'S RULE 60(b)(6) MOTION<br><br>(ECF No. 15) |

Plaintiff Gilfredo Lopez ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff initiated this action on June 16, 2014.

**I.    Background**

On April 14, 2015, the Court (1) dismissed Plaintiff's claims against staff at United States Penitentiary Big Sandy ("USP Big Sandy") in Eastern Kentucky, and United States Penitentiary Hazelton ("USP Hazelton"), in West Virginia, without prejudice, based on improper venue; and (2) dismissed Plaintiff's claims against staff at United States Penitentiary Atwater ("USP Atwater") in Atwater, California, with prejudice, for failure to state a claim upon which relief may be granted. (ECF No. 12.) On December 21, 2015, Plaintiff filed a motion for reconsideration of the dismissal order,

arguing that he sufficiently stated a claim against the staff at USP Atwater, or should have been granted leave to amend because he could state such a claim. (ECF No. 13.) On August 10, 2016, the Court denied Plaintiff's motion for reconsideration. (ECF No. 14.)

Currently before the Court is Plaintiff's motion to supplement and clarify his Rule 60(b)(6) motion, dated August 12, 2016. (ECF No. 15.) Plaintiff again asserts that he should have been granted leave to amend and supplement his claims with additional factual content sufficient to state a claim. The Court construes this motion as a second motion for reconsideration of the dismissal order pursuant to Rule 60(b)(6).

## II.     Plaintiff's Second Motion for Reconsideration Pursuant to Rule 60(b)(6)

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw*, 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.2009), and " '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation ...' " of that which was already considered by the court in rendering its decision. U.*S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001) (quoting *Bermingham v. Sony Corp. of Am., Inc.*, 820 F.Supp. 834, 856 (D.N.J.1992)).

In this second motion for reconsideration, Plaintiff contends that he has been hindered by the Federal Bureau of Prisons in transfers and mishandling of his property, such that he has only now been able to gather and present the evidence in support of his claims. Plaintiff then asserts that prison

2

1  officials and staff at USP Big Sandy and USP Hazelton transferred him to USP Atwater, knowing that
2  he was at risk there from attacks by inmates. He seeks leave to amend to state this claim.
3  　　　　As Plaintiff has been previously informed, he cannot bring claims against staff at USP Big
4  Sandy, or USP Hazelton, in this action. Venue for Plaintiff's claims against staff at USP Big Sandy is
5  proper in the United States District Court for the Eastern District of Kentucky, and venue for
6  Plaintiff's claims against staff at USP Hazelton is proper in the United States District Court for the
7  Northern District of West Virginia. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th. Cir. 1986) (court
8  may raise defective venue sua sponte); Fed. R. Civ. P. 21 (court may, on its own, sever any claim
9  against a party). These claims are not related to Plaintiff's claims arising out of events at USP Atwater.
10 Plaintiff's arguments are directed to the sufficiency of his allegations, but the Court has not taken a
11 position on whether Plaintiff has pleaded sufficient facts to state a claim against staff at USP Big
12 Sandy or USP Hazelton. The ruling is that the claims that Plaintiff seeks to bring do not belong in this
13 suit or this venue. Plaintiff has not shown sufficient grounds for reconsideration of the order
14 dismissing those claims from this action for those reasons. The Court further clarifies for Plaintiff that
15 this ruling does not prevent Plaintiff from filing suit in the proper venue.
16 　　　　Plaintiff also seeks reconsideration of this Court's dismissal of his claims against the staff at
17 USP Atwater. In his original complaint, Plaintiff's claims against those staff concerned their
18 processing or tracking of his inmate complaints made at USP Hazelton. In this second motion for
19 reconsideration, Plaintiff asserts new factual allegations regarding unrelated matters. This includes
20 allegations regarding a medical surgery and other medical treatments that Plaintiff claims were
21 manipulated by prison officials. Plaintiff also asserts problems with being housed with an inmate with
22 whom he did not consent to be housed. Plaintiff alleges these actions were done in retaliation for his
23 bringing this action and for other conduct. Plaintiff seeks leave to amend his complaint to assert these
24 claims and additional factual allegations.
25 　　　　Plaintiff's new allegations regarding medical treatment issues and cellmate housing issues are
26 entirely separate claims from his original complaint. Although it is not entirely clear whom he intends
27 to name as defendants, it also appears Plaintiff seeks to add new and different parties as well, given the
28 nature of his additional allegations. "Unrelated claims against different defendants belong in different

3

suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." 28 U.S.C. § 1915(g), Plaintiff may not change the nature of this suit by adding new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints) (citing Fed. R. Civ. P. 18(a)). Plaintiff will not be granted leave to amend his complaint in this action to state these additional, unrelated claims. The Court finds no grounds for reconsideration of its dismissal of Plaintiff's claims in his original complaint against the staff at USP Atwater.

### III. Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's second motion for reconsideration pursuant to Rule 60(b)(6), dated August 12, 2016 (ECF No. 15), is DENIED.

IT IS SO ORDERED.

Dated: **August 18, 2016**   /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

4